902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Richard A. JOHNSON, and Peggy Johnson, Plaintiffs-Appellees,
v.
THE OHIO RIVER COMPANY; Midland Enterprises, Inc.; and M/V
Orco, Defendants-Appellants,
St. Louis Ship, Division of Pott Industries, Inc.,
Third-Party Defendant.
 Nos. 89-5469, 89-5822.
 United States Court of Appeals, Sixth Circuit.
 April 24, 1990.
 
 Before CORNELIA G. KENNEDY and RYAN, Circuit Judges; and ANN ALDRICH, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Following settlement of the plaintiffs' admiralty suit against defendants Ohio River Company, Midland Enterprises, and M/V Orco, the district court awarded attorney's fees to plaintiffs on the basis that defendants had wrongfully terminated payment of maintenance and cure to plaintiff Richard Johnson, the injured seaman.[1] Defendants appealed.
 
 
 2
 We conclude that the record does not support the court's grant of summary judgment in plaintiff's favor for attorney's fees because there is a genuine issue of material fact whether defendants acted arbitrarily or callously in terminating maintenance and cure.
 
 I.
 
 3
 On March 19, 1986, plaintiff Richard Johnson injured his back while working as a crewman on defendants' vessel, the M/V Orco. He later filed an admiralty action against defendants claiming negligence and vessel unseaworthiness under the Jones Act, 46 U.S.C. Sec. 688. Plaintiff also claimed he was entitled to maintenance in the amount of $25 per day and cure in the amount of his medical expenses until he reached maximum medical recovery.
 
 
 4
 Maintenance and cure is paid by the shipowner to a seaman injured while in the service of his ship regardless of fault or unseaworthiness, Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir.1987), and the seaman is entitled to continuation of maintenance and cure until he reaches maximum medical recovery. Vaughan v. Atkinson, 369 U.S. 527, 531 (1962).
 
 
 5
 Defendants paid plaintiff maintenance and cure until January 1987 when they terminated the payments in reliance upon the opinion of an orthopedic surgeon, who had treated plaintiff for six months, that plaintiff had reached maximum medical cure.
 
 
 6
 At a pretrial hearing on the propriety of the defendants' discontinuance of maintenance and cure, plaintiff's counsel presented to the court the reports of three doctors who had determined that plaintiff had not reached maximum medical recovery. The court was not impressed by the orthopedic surgeon, relied on by defendants, who expressed a contrary opinion. The court stated:
 
 
 7
 I don't know that you can just run this by to one--so you've got a kept doctor somewhere. This isn't the first guy your company has been in here with.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 ... but physical therapy helps rehabilitate. I had a back injury one time, had treatment for five years. Fortunately I didn't have to go out and work as a deckhand.
 
 
 11
 And,
 
 
 12
 ... I'm a little disturbed at these companies cutting these guys off. We may well have to have some punitive damages in some of these cases. You've got this one doctor in West Virginia that you can get to certify that these people have reached maximum cure, wherever he is, Tennessee.
 
 
 13
 The court thereupon ordered that maintenance and cure be continued.
 
 
 14
 Shortly thereafter the parties reached a settlement, but the settlement did not address plaintiff's pending motion for attorney's fees. The district court awarded plaintiff attorney's fees because "the affidavits and testimony at the [pretrial] hearing [ ] establish[ed] as a matter of law that defendant's (sic) termination of maintenance and cure was 'without defense' and 'arbitrary.' "
 
 II.
 
 15
 The controlling law is settled: an award of attorney's fees in cases where maintenance and cure has been terminated is permitted only if the evidence shows the failure to pay maintenance and cure was unreasonable and callous and recalcitrant, arbitrary and capricious or willful. Morales v. Garijak, 829 F.3d 1355, 1358 (5th Cir.1987). A high degree of fault must be shown in order to award attorney's fees. Id. As the court in Morales stated:
 
 
 16
 [T]here is an escalating scale of liability: a shipowner who is in fact liable for maintenance and cure, but who has been reasonable in denying liability, may be held liable only for the amount of maintenance and cure. If the shipowner has refused to pay without a reasonable defense, he becomes liable in addition for compensatory damages. If the owner not only lacks a reasonable defense but has exhibited callousness and indifference to the seaman's plight, he becomes liable for punitive damages and attorney's fees.
 
 
 17
 829 F.2d at 1358.
 
 
 18
 In granting summary judgment for attorney's fees, sua sponte, the district court apparently relied upon the oral representation of counsel and written medical reports prepared by three physicians; all presented at a pretrial hearing. No motion for summary judgment had been made. Moreover, the medical reports considered by the district court at the pretrial hearing were not made a part of the record and no affidavits were received.
 
 
 19
 The district court found that defendants acted unreasonably and with indifference to plaintiff's plight, at least partly, because plaintiff's back injury and need for therapy treatments were medically documented and "uncontradicted." In fact, defendants did contradict the claim that further treatments would be necessary with the orthopedic surgeon's opinion that plaintiff had reached maximum cure.
 
 
 20
 Given the complete absence of any record evidence, by affidavit or otherwise, that plaintiff is in need of further medical care for his injury, and the defendants' reliance on a physician's opinion that no further therapy would be helpful to improve the plaintiff's condition, we think a genuine issue of material fact exists whether defendants acted with the requisite malice in terminating maintenance and cure. Therefore, summary judgment was improper.
 
 
 21
 We REVERSE and REMAND for further proceedings.
 
 
 
 *
 The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation
 
 
 [1]
 Plaintiff Peggy Johnson, the wife of the injured seaman, sued for loss of consortium, loss of support, and mental and emotional duress. Since all of her claims were settled, the only issue before us is whether attorney's fees were properly awarded pursuant to plaintiff Richard Johnson's claim for maintenance and cure. Therefore, the use of "plaintiff" in this opinion refers to Richard Johnson